# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

## LETTER OPINION AND ORDER

July 20, 2009

**VIA CM/ECF**
All counsel of record

    Re:     Walter Nye, et al v. Ingersoll Rand
              Civil Action No. 08-3481 (DRD) (MAS)

Dear Counsel:

This matter comes before the Court by way of the parties' letters to the Court dated June 5, July 13, and July 17, 2009, as well as the July 20, 2009 telephone status conference. The letters outlined the parties' inability to agree on a schedule for deposing Plaintiffs and availability of Defendants for depositions. The Court has reviewed the parties' submissions and has decided the following:

### 1) Location of Depositions

The parties are instructed to adopt the portion of the plan crafted by Plaintiffs that deals with the physical locations of the depositions of Plaintiffs with the following modification: all twelve (12) of the internationally based Plaintiffs that Plaintiffs proposed be deposed in Houston will be deposed in Newark. The Court will not reiterate the other details of said plan herein except to note that

Plaintiffs' proposed plan as modified is not unduly burdensome nor does it result in an inequitable division of travel and labor amongst the parties.

### 2) Order of Plaintiffs to be Deposed

The Court instructs that Defendant set the order in which Plaintiffs are to be deposed. It would be unreasonable and prejudicial for Defendant to have to depose Plaintiffs in an order dictated by Plaintiffs. However, the Court notes that Defendant is to attempt to the best of its ability to conduct a minimum of six (6) depositions of Plaintiffs per week in order to stay on schedule. Further, Defendant is instructed to give Plaintiffs reasonable notice of the proposed depositions and keep unnecessary travel between the deposition sites to a minimum.

### 3) Start Date of Depositions

The Court orders that depositions of Plaintiffs are to begin on August 17, 2009. The parties are to schedule and conduct the depositions of Plaintiffs not affected by the assertion of attorney client privilege raised in their respective letters and addressed by the Court during the telephone status conference.

### 4) Personnel Files Requested by Defendant

Defendant is instructed to coordinate with counsel of Dresser-Rand to arrange for the review of the personnel documents now in the possession of Dresser-Rand.

### 5) Topics of the Parties' Meet and Confer

The parties are to meet and confer by July 24, 2009. Topics of that meet and confer are to include, but not be limited to:

    a)     The nature, scope of, as well as specific Plaintiffs' depositions that will be affected by, the assertion of the attorney-client privilege by various Plaintiffs.

2

b) The parties are to attempt to resolve their dispute regarding the "Apex" status of Herbert Henkel ("Henkel") and Vincent Volpe ("Volpe").

c) The parties are to address the scheduling of depositions Plaintiffs wish to conduct, specifically which depositions Plaintiffs can conduct while the Henkel/Volpe dispute is unresolved.

e) The parties are to attempt to resolve their dispute regarding the "settlement agreement" requested by Plaintiffs.

Following the meet and confer, the parties are to submit a joint letter to the Court by July 27, 2009 outlining the results of such meeting. The parties' joint letter is to address each of the specific issues listed above. The parties are to exert utmost effort to resolve the above issues before submitting the issue for judicial determination. However, if the parties are unable to resolve the above issues, the court will issue an appropriate briefing schedule for each issue. The parties are reminded by the Court that there will be no extension to fact discovery in this case and that all efforts should be made to conform to the Scheduling Order.

       s/ Michael A. Shipp  
       **HONORABLE MICHAEL A. SHIPP**  
       **UNITED STATES MAGISTRATE JUDGE**