**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

**LETTER OPINION AND ORDER**

March 24, 2010

**VIA CM/ECF**
All counsel of record

Re: Walter Nye, et al. v. Ingersoll-Rand Co.
Civil Action No. 08-3481 (DRD) (MAS)

James Calvin Brown, et al. v. Ingersoll-Rand Co.
Civil Action No. 08-4260 (DRD) (MAS)

Theodore E. Bond, et al. v. Ingersoll-Rand Co.
Civil Action No. 08-5371 (DRD) (MAS)

Dear Counsel:

This matter comes before the Court upon application of Plaintiff Walter Nye ("Nye"), on behalf of all *Nye*, *Brown* and *Bond* Plaintiffs ("Plaintiffs"), that this Court compel the production of un-redacted copies of Defendant Ingersoll-Rand Company's ("Defendant" or "Ingersoll-Rand") filings in New York State Court in Manhattan ("Manhattan litigation") regarding the 2000 Sales Incentive Plan ("SIP") and *Antoun/Barnett* Settlement Agreement ("Settlement Agreement"). (Doc. No. 130 ("Pls.' Moving Br.").) Defendant opposes Plaintiffs' request. (Doc. No. 131 ("Def.'s Opp'n Br.").) For the reasons set forth below, Plaintiffs' motion to compel Ingersoll-Rand to produce the filings from the Manhattan litigation is granted, with the condition that Ingersoll-Rand is permitted to redact the consideration amounts of the Settlement Agreement.

## I.   STATEMENT OF FACTS

As the parties are well-versed in the facts surrounding this matter, the Court will address only those facts relevant to the instant motion. Plaintiffs request that this Court require that Ingersoll-Rand produce all filings in the Manhattan litigation regarding the SIP and/or Settlement Agreement. (Pls.' Moving Br. 1.) Specifically, Plaintiffs assert that Ingersoll-Rand filed a case under seal against several claimants in the *Antoun/Barnett* matter that included Plaintiffs in the *Bond* matter and "John Does," which included all Plaintiffs in this consolidated matter. (*Id.*) Plaintiffs have obtained and reviewed the redacted versions of several of the court filings, which Plaintiffs argue make clear that the filings pertain to the SIP, the Settlement Agreement and/or breach of the Settlement Agreement. (*Id.*) Thus, Plaintiffs assert that the sealed filings are relevant in the instant matter, as they relate to the SIP and Defendant's counterclaim. (*Id.* at 2.)

Defendant, on the other hand, argues that compelling the production of the Manhattan litigation files would be inappropriate, as the filings are irrelevant. (Def.'s Opp'n Br. 1.) Defendant filed the Manhattan litigation in March 2008, after the *Antoun/Barnett* litigants sought payment under the SIP on behalf of former Dresser-Rand employees, of which seventeen (17) are the *Bond* Plaintiffs. (*Id.* at 1-2, fn. 1.) Defendant notes that the "John Does" in the Manhattan litigation do not include the *Nye* and *Brown* Plaintiffs, as same was defined to include only those individuals who "formerly worked for Dresser-Rand," and the *Nye* and *Brown* Plaintiffs in fact worked for Dresser-Rand at the time of the filing. (*Id.* at 2, fn. 2.) Finally, Defendant asserts that because the defendants in the Manhattan litigation failed to answer, no discovery was propounded and the Complaint was dismissed two (2) months after the initial filing. (*Id.* at 2.) Other than the Complaints, the motion to seal and the Order granting the seal, Defendant states that no "substantive" documents exist. (*Id.*) It is Ingersoll-Rand's belief that Plaintiffs already possess the

Complaints, motion to seal and related order, and therefore, Plaintiffs only seek the un-redacted Amended Complaint, which is sealed and bears no relevance to the instant matter. (*Id.*)

## II. LEGAL STANDARD & ANALYSIS

Upon a finding of good cause, Federal Rule of Civil Procedure 26(b) permits a court to order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. Notably, Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Evans v. Employee Benefit Plan*, No. 03-4915, 2006 WL 1644818, at *4 (D.N.J. June 6, 2006); *Nestle Food Corp. v. Aetna Cas. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990). While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *see also Nestle, supra,* 135 F.R.D. at 104. Indeed, one policy rationale for permitting broad discovery at the pretrial stage of any proceedings includes the idea that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

However, while discovery and relevance may be broad, it is not boundless. Under Federal Rule of Civil Procedure 26(b)(2)(C), a court may limit a party's pursuit of otherwise discoverable information if and when the burden of a discovery request is likely to outweigh the benefits. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Accordingly, a discovery request may be denied if this Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the discovery after assessing the

3

following factors: (i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery" means; and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The purpose of this rule of proportionality is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Bowers v. Nat'l Collegiate Athletic Assoc.*, No. 97-2600, 2008 LEXIS 14944, at *14 (D.N.J. Feb. 27, 2008) (quoting *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989)). Importantly, the party asserting that discovery should be prohibited bears the burden of establishing the lack of relevancy or undue burden. *Gutierrez v. Johnson & Johnson*, No. 01-5302, 2002 U.S. Dist. LEXIS 15418, at **8, 10 (D.N.J. Aug. 12, 2002).

Plaintiffs assert that under Federal Rule of Civil Procedure 26(b)(1), Defendant was required to produce the filings in the Manhattan litigation, as they pertain to the SIP, which is the "<u>exact same contract</u> the Plaintiffs are suing IR over in this case." (Pls.' Moving Br. 2.) Thus, according to Plaintiffs, the filings are directly relevant, particularly in light of the fact that the Manhattan litigation involved several Plaintiffs in this matter. (*Id.*) Plaintiffs further contend that the filings are relevant to their ability to defend against Ingersoll-Rand's tortious interference counterclaim and whether Defendant has made any previous claims of breach of the Settlement Agreement. (*Id.*) Stated differently, because the Complaints in the Manhattan litigation include allegations of "breach of contract" and "fraud" against the defendants and/or attorneys with regard to the same Settlement Agreement at issue in the instant matter, Plaintiffs argue the disclosure of the filings is warranted. (*Id.*) Plaintiffs assert that the filings relate directly to the damages Defendant claims it suffered as a result

4

of the alleged tortious interference, including: (i) whether the Settlement Agreement was disclosed prior to the alleged wrongdoing; and (ii) whether Defendant allowed the wrongdoing to go unpunished. (*Id.*) Finally, with regard to any confidentiality concerns, Plaintiffs remind this Court that a protective order is in place, which would permit Defendant to mark the Manhattan litigation filings as "confidential." (*Id.* at 3, fn. 4.)

Defendant, on the other hand, argues that Plaintiffs' motion should be denied, as Plaintiffs fail to demonstrate how the un-redacted Amended Complaint is "highly relevant" to the instant matter. (Def.'s Opp'n Br. 2.) Regarding the Manhattan litigation filings, Defendant asserts that Plaintiffs already have all the documents concerning Ingersoll-Rand's SIP claims, as no information pertaining to the SIP was redacted. (*Id.*) The only redacted information is in the Amended Complaint and pertains solely to claims made against *Antoun/Barnett* claimants and their attorneys that arose from the Settlement Agreement. (*Id.*) Specifically, Ingersoll-Rand sealed information in the Amended Complaint pertaining to confidential settlement information, which Defendant argues bears no relevance to its tortious interference counterclaim. (*Id.* at 2-3.) Finally, Defendant notes that compelling production of the unsealed Amended Complaint would violate Judge Freedman's sealing Orders, as the protective order in this matter does not protect documents sealed by that court. (*Id.* at 3.)

Here, this Court finds that disclosure of the Manhattan litigation filings, with the exception of any consideration amounts regarding the Settlement Agreement, is warranted. First, Ingersoll-Rand asserts that the Manhattan litigation filings only consist of: (i) the Complaint and Amended Complaint; (ii) a motion to seal the Complaints; and (iii) an Order granting the motion to seal, as the matter was voluntarily dismissed two (2) months after the initial filing and defendants never filed answers. (Def.'s Opp'n Br. 2.) Defendant further notes that Plaintiffs are merely seeking information pertaining to the Settlement Agreement, which was ordered sealed and redacted from

the Amended Complaint. (*Id.* at 2-3.) Thus, because this Court already ruled that the Settlement Agreement is relevant to Plaintiffs' ability to defend against Ingersoll-Rand's tortious interference claim and ordered the disclosure of the Settlement Agreement, with the condition that the consideration amount may be redacted, this Court finds that Defendant's argument against disclosure is moot. (*See* 3/9/10 Letter Opinion & Order, Doc. No. 171.) Specifically, this Court finds that information asserted by Defendant in the Manhattan litigation, which involves some of the same parties (such as the *Bond* Plaintiffs), regarding the Settlement Agreement and any alleged breaches is equally relevant to the instant matter and may lead to admissible evidence. Indeed, as asserted by the Plaintiffs, the allegations made in the Manhattan litigation Complaints may include information that is relevant to whether and when the Settlement Agreement was breached, as well as whether any of Ingersoll-Rand's actions or inactions fostered any alleged breaches. (*See* Pls.' Moving Br. 2.)

Accordingly, this Court finds that any portions of the Complaints that have been redacted and that pertain to the SIP, Settlement Agreement and/or breach of the Settlement Agreement, along with any and all related Manhattan litigation filings, must be disclosed, except that Ingersoll-Rand may redact the consideration amounts of the Settlement Agreement, if such information is included in the Complaints. As stated in this Court's previous ruling, at this stage of the proceedings, disclosure of the consideration amount is not necessary and/or relevant. (*See* 3/9/10 Letter Opinion & Order 10.)

Finally, with regard to Defendant's assertion that disclosure of the un-redacted Complaints will violate the sealing order in the Manhattan litigation, this Court finds that Defendant's argument is without merit. This Court is not ordering that the New York Court unseal the Complaints in the Manhattan litigation, but instead, is ordering Defendant to provide copies of same in this matter. The two are separate matters and this Court is not bound by the Manhattan litigation sealing order.

Moreover, as highlighted by the Plaintiffs, to the extent that the Manhattan litigation filings include confidential information, same information shall be protected under the Confidentiality Order currently in place in the instant matter. (*See id.* at 3, fn. 4.)

Therefore, under the broad vista of discovery permitted at the pretrial stage of any proceedings, this Court finds that disclosure of the Manhattan litigation filings, as conditioned above, is warranted, as Plaintiffs have properly demonstrated that the information sought is relevant and may lead to admissible evidence. *See Caver, supra,* 192 F.R.D. at 159. In light of this Court's prior ruling that the Settlement Agreement was relevant, this Court finds that any burden to Defendant resulting from the disclosure is minimal. Moreover, because this Court finds that there are no alternatives by which the sealed information may be obtained and that the information is directly relevant to the SIP, as well as Defendant's counterclaim, disclosure is certainly appropriate. *See* Fed. R. Civ. P. 26(b)(2)(C).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel the production of Defendant Ingersoll-Rand's filings in the Manhattan litigation is granted, with the condition that Ingersoll-Rand shall redact the consideration amounts of the Settlement Agreement, if same is included in the aforementioned filings. Defendant shall serve a copy of the filings upon Plaintiffs, with any consideration amounts redacted, by **3/31/10**.

_____ 3/24/10
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**